IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| BRYAN T. QUIBELL, | * | CHAPTER 7 |
|     Debtor | * | |
| | * | CASE NO. 1:10-bk-05863MDF |
| ALLEN NACE, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1:10-ap-00337 |
| | * | |
| BRYAN T. QUIBELL, | * | |
|     Defendant | * | |

**OPINION**

Before me is a motion filed by Bryan T. Quibell ("Debtor"), pursuant to Federal Rule of Civil Procdure 12(b)(6), seeking dismissal of the Complaint filed by Allen Nace ("Nace") for failure to state a claim upon which relief can be granted. In the adversary proceeding, Nace seeks a declaration that a debt reported on Debtor's schedules in the amount of $276,753.13 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

**I. Factual and Procedural History**

Debtor filed his Chapter 7 bankruptcy petition on July 20, 2010. Nace filed the instant Complaint on September 7, 2010. In the Complaint, Nace avers that he gave Debtor $300,000 for investment purposes and that representations were made that Nace would receive his principal and a fixed rate of return of 7% in one year on a note secured by real estate. This agreement was memorialized in a promissory note incorporated into the Application for Certificate of Partnership (the "Application") submitted by Nace to Pillar Equity Partnership ("Pillar Equity"), a Pennsylvania limited partnership "formed for the purpose of financing and

owning high growth private equity assets," which is attached as an exhibit to the Complaint. Complaint, Exhibit A, p. 3.[1] The Application, signed by Nace and dated February 2, 2009, states that Pillar Capital Advantage, LLC ("Pillar Capital") is a Pennsylvania limited liability company serving as the general partner and manager of Pillar Equity. Complaint Exhibit A, p. 3. The Application also includes a section entitled "Confidential Private Placement Memorandum Disclosure Statement," which provides various disclosures about the sale of limited partnership units, the objectives of Pillar Equity, the structure of the business, and risk factors to consider before investing. On February 6, 2009, 300 units in Pillar Equity were issued to Nace, which are evidenced by a certificate of interest. In a cover letter with the interest certificate, Dan Sindlinger, Financial Officer for Pillar Equity, states that Nace's "total investment to date consists of the following : $300,000.00 issued 2/6/09 at a rate of 7% for a term of 12 months[.]" Complaint, Exhibit B, p 16. Nace received monthly statements on his Pillar Equity account, which contain the following notation: "Certificate of Equity, Fixed Interest Rate: 7%." Complaint Exhibit B, p. 6, 7. Although the Application refers to the various Pillar entities, Nace avers that Debtor did not disclose that he was "an investment representative connected with Pillar Capital." Complaint, ¶ 27. According to the on-line records of the Pennsylvania Department of State, Corporations

---

[1] The promissory note states that the interest rate of the note is "7+.002EES." Correspondence from Pillar Equity states that Nace's total investment on February 19, 2009 was $300,000 at a rate of "7% for a term of 12 months." Complaint, Exhibit A, p. 2, 16. Correspondence from Dan Sindlinger, Financial Officer, Pillar Equity, attached as part of Exhibit B to Nace's Complaint, states that: "We would like to confirm your profit sharing benefit in the Pillar Capital Advantage program: Asset Advantage II, Profit Sharing A – 0.002% (Net Profit x 0.002% x 300 units)." Complaint, Exhibit B, p. 14.

2

Bureau, the general partners of Pillar Equity are Matthew J. Sindlinger ("Sindlinger") and Steven Tavenner, Jr. ("Tavenner").[2]

Nace also avers that Debtor provided him with literature that "created the illusion that the investment was sound." Complaint, ¶ 10. When the note became due, Nace was advised "by the fund operator that there were insufficient funds to make good on the note." Complaint, ¶ 13. After Nace made a demand for payment, he received approximately $75,000. Although the time sequence of these events is not specified in the Complaint, on April 20, 2010, Pillar Equity, Pillar Capital, Pillar Properties Group, LLC, Pillar Corporation, Pillar Financial Growth, LP, Sindlinder, Tavenner, and Debtor executed a judgment note in favor of Nace in the amount of $276,753.13 for the balance of principal and interest due under the terms of the promissory note. Judgment on the note was confessed on May 4, 2010.

Debtor provided Nace with certain literature which represented that Pillar Equity or its affiliates owned various parcels of land in Pennsylvania and other states, the value of which had increased significantly in the short term. Two properties in Dover, Pennsylvania were referenced in this literature. According to Nace's Complaint, the literature provided by Debtor was misleading because at least one of the Dover properties was owned by Sindlinger, not by Pillar Equity.

---

[2]*See* https://www.corporations.state.pa.us/corp/soskb/csearch.asp (search for a business entity starting with "Pillar Equity Partnership;" then follow the "Pillar Equity Partnership, L.P." hyperlink) (last visited January 24, 2011). In deciding a motion to dismiss, the Court may consider matters qualifying as "public record." *Lum v. Bank of America,* 361 F.3d 217, 222 n. 3 (3d Cir. 2004). Matthew Sindlinger's name is spelled "Singlinger" in the Corporation Bureau's records.

On July 22, 2010, Debtor filed schedule F listing creditors holding unsecured, nonpriority claims. Nace is listed as holding a disputed "recovery of investment" claim in the amount of $308,014. On October 21, 2010, Nace filed a proof of claim in the amount of $314,174.85.[3]

## II. Discussion

*A. Standard for deciding a motion to dismiss under Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated by reference into Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal of a complaint that fails to state a claim on which relief can be granted. By its terms, Rule 12(b)(6) requires a court to treat the allegations of the complaint as true and to construe the allegations in the light most favorable to the non-moving party.[4] *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. ___, ___, 129 S.Ct. 1937, 1948-49 (2009).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court generally considers the sufficiency of the complaint itself, but "[m]atters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" also may be considered.

---

[3]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

[4]A decision on a Rule 12(b)(6) motion must also draw all reasonable inferences that can be drawn from the complaint in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief as a matter of law. *Kehr Packages*, 926 F.2d at 1420.

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). Although Rule 8(a)(2) of the Federal Rules of Civil Procedure., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7008, provides that a complaint shall consist of "a short and plain statement of the claim showing that the pleader is entitled to relief," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555 ). Thus, factual allegations must consist of more than mere labels, legal conclusions, or a " 'formulaic recitation of the elements of a cause of action.' " *Id.*

The Supreme Court has suggested a " 'two-pronged approach'" when assessing whether a complaint states a plausible claim for relief. *Iqbal,* 129 S.Ct. at 1950 *quoted in Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010). First, a court should begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). This showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must show more than a mere possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

I will apply these standards of review to the allegations in the Complaint.

*B. Nondischargeability under § 523(a)(2)(A)*

Section 523(a)(2)(A) provides that a debtor will not receive a discharge of a debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

>(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

Debtor contends that any debt owed to Nace, whether or not it was fraudulently induced, is owed by Pillar Equity; thus § 523(a)(2) is inapplicable to Nace's claim because Debtor did not receive any money or property from Nace. However, Nace is not required to show that Debtor benefitted directly from the alleged fraud. As my predecessor, the Honorable Robert J. Woodside observed, "§523(a)(2)(A) does not require that a debt excepted from discharge be one for property acquired *by the debtor* or credit extended *to the debtor*." *Griffith, Strickler, Lerman, Solymos & Calkins, v. Taylor (In re Taylor)*, 195 B.R. 624, 627 (Bankr. M.D. Pa. 1996.) (quoting *Bombardier Capital, Inc. v. Baietti (In re Baietti)*, 189 B.R. 549, 556 (Bankr. D. Me. 1995)) (emphasis in original); *see also Fontenot v. Thiele (In re Thiele)*, 2010 WL 1026972 *3 (Bankr. E.D. Tenn) (citing *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172 (6th Cir. 1996)). A third party may be the direct beneficiary of the fraud, but if a debtor is the perpetrator of the fraud and obtains some indirect benefit, the debt owed to the injured party may be found to be nondischargeable. *Taylor,* 195 B.R. at 627.

Here, the question is not whether Nace has alleged that Debtor directly benefitted from the alleged fraud, but whether he has alleged sufficient facts that, if true, would establish a cause

6

of action for fraud. Federal Rule of Civil Procedure 9(b), as incorporated in Federal Rule of Bankruptcy Procedure 7009, requires allegations of fraud to be stated with particularity. This standard requires that a plaintiff plead: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) damage suffered by the plaintiff. *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256 (3d Cir. 2006); *see also ADCOR Industries, Inc. v. Crown-Simplimatic, Inc., et al (In re Crown-Simplimatic Inc.)*, 299 B.R. 319, 323 (Bankr. Del. 2003).

Nace has alleged that he gave Debtor $300,000 to invest and that "[i]t was represented that [Nace] would get a fixed rate of return and that the note was an asset backed by real estate." Complaint, ¶ 9. He further alleges that Debtor "provided certain literature concerning the investment[,] which created the illusion that the investment was sound. See Exhibit B, attached." Complaint, ¶ 10. Nace does not identify the party who made the representation that Nace would receive a fixed rate of return on a secured note. He does allege, somewhat obliquely, that Debtor gave him literature that the investment was "sound and suitable for him," which Nace alleges was an "illusion." Nace also alleges that the representations in the sales literature were "untrue." After Debtor and others were informed that they had "defrauded" Nace, they signed a judgment note in Nace's favor. Although Debtor and others repaid Nace $75,000 of his initial $300,000 investment, the indebtedness incurred on the judgment note in the amount of $317, 111 was not repaid.

To the extent that Nace alleges that Debtor provided literature to him about the proposed investment, Nace has alleged sufficient facts to establish a cause of action for fraud under

7

§ 523(a)(2)(A). However, Nace has failed to allege sufficient facts to establish that it was Debtor who made representations to Nace that he would receive a fixed rate of return and that the promissory note was secured. Nace will be granted leave to file an amended Complaint to provide a more specific statement about whether Debtor made representations to Nace about the investment other than the information contained in literature Debtor provided to Nace. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (a plaintiff whose claim is subject to a Rule 12(b)(6) dismissal motion should be given an opportunity to amend the complaint unless amendment would be inequitable or futile).

    C.  *Nondischargeability under § 523(a)(4)*

Section 523(a)(4) provides as follows:

(a)    A discharge under section 727 ... of this title does not discharge an individual debtor from any debt

                                             * * *

(4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

11 U.S.C. § 523(a)(4).

To state a claim under § 523(a)(4), Nace was required to allege facts in support of his assertion that Debtor engaged in fraud while acting in a fiduciary capacity or engaged in the crimes of embezzlement or larceny. The Complaint does not specifically allege that the debt at issue was obtained by through any of these means. Rather, the request for relief simply pleads the legal conclusion that the judgment note debt "constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4)." A mere reference to the legal standard cannot be accepted as true under *Iqbal*, *supra*. Lacking any specific factual averments alleging a fiduciary relationship between

8

Debtor and Nace or embezzlement or larceny by Nace, the Complaint cannot withstand the motion to dismiss as to the cause of action under § 523(a)(4).

Further, the Court does not believe that Nace will be able to allege facts that if proven would lead to a finding that the debt is nondischargeable under paragraph (a)(4). Nace does not allege that Debtor was a fiduciary for purposes of § 523(a)(4) because he was a fiduciary under Pennsylvania securities law. However, even if Nace made this assertion, it would be inadequate to sustain his burden on the motion to dismiss. A statutory fiduciary under Pennsylvania law is only a fiduciary for purposes of § 523(a)(4) if the state statute: "(1) defines the trust res; (2) identifies the trustee's fund management duties and authority; and (3) imposes obligations on him prior to the alleged wrongdoing." *Windsor v. Librandi (In re Librandi)*, 183 B.R. 379 (M.D. Pa. 1995) (citations omitted) (debtor's status a fiduciary under Pennsylvania Securities Act did not make him fiduciary for purposes of § 523(a)(4)). Nace has not alleged, nor does the Court believe he can allege the existence of a trust res. He did not turn over funds to Debtor while authorizing him to exercise discretionary control. The documents Nace attached to the Complaint demonstrate that Debtor provided investment advice to Nace and based upon this advice Nace invested funds in Pillar Equity. Under these facts, Debtor is not a fiduciary for purposes of § 523(a)(4).

   D.  *Nondischargeability under § 523(a)(6)*

Section 523(a)(6) provides that "[a] discharge . . . does not discharge an individual debtor from any debt [] for willful and malicious injury by the debtor to another entity . . . ." 11 U.S.C. § 523(a)(6).

9

Section 523(a)(6) has been invoked in a number of cases involving creditor/investors who were defrauded through investment schemes. *See e.g. Berman v. Hollinger (In re Berman),* 248 B.R. 441, 445-46 (Bankr. M.D. Fla. 2000) (debt arising out of a Ponzi scheme operated by a Chapter 7 debtor nondischargeable under § 523(a)(6) as intentional theft of investor funds); *Brewer v. Jones (In re Jones),* 369 B.R. 340, 346-47 (Bankr. N.D. Ohio 2007) (conversion of client funds by debtor financial planner for personal use nondischargeable under § 523(a)(6)); *Zygulski v. Daugherty,* 236 B.R. 646, 652-53 (N.D. Ind. 1999) (finding nondischargeability under § 523(a)(6) where debtor dissipated sale proceeds from assets debtor knew were purchased with monies from wife's illegal pyramid scheme). The issue before me at this juncture is whether or not the Complaint filed by Nace sets forth sufficient facts from which I can conclude that he has made out the elements of a case under § 523(a)(6).

In order to make out a case for nondischargeability based on a willful injury under § 523(a)(6), a plaintiff must plead and prove that the defendant actually intended to inflict harm. *Kawaauhau v. Geiger* 523 U.S. 57, 61-62 (1998). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id.* at 64. However, an "actor's deliberate act with knowledge that the act is substantially certain to cause injury is sufficient to establish willful intent" for purposes of § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207-08 (9th Cir. 2001). *See also Conte v. Gautam (In re Conte)*, 33 F.3d 303, 305 (3d Cir. 1994) ("An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result.")

In the Complaint before me, Nace alleges that Debtor provided him with false and misleading information that induced him to invest in a highly speculative real estate investment

10

scheme that ultimately failed.  He further alleges that Debtor should have known that the investment was "unsuitable" and that he was selling unregistered securities in violation of state and federal law. However, the Complaint fails to plead facts from which the Court could find either that Debtor specifically intended to injure Nace or that Debtor knew that his actions were substantially certain to cause injury to Nace. The Complaint alleges that Debtor's actions were inappropriate and illegal, but there are no allegations that Debtor's actions were willful and malicious. For example, Nace alleges that Debtor induced him to make an investment in Pillar Equity, but he does not assert that Debtor knew that Pillar Equity would be unable to pay the promissory note in full when it became due. The current allegations do not adequately set forth a cause of action under § 523(a)(6). In light of the forgoing, the Court will dismiss this count. However, Nace will be granted leave to file a motion to amend the Complaint. An appropriate Order will be entered.

**By the Court,**

_Mary D France_
Chief Bankruptcy Judge

Date:  January 28, 2011

11

Case 1:10-ap-00337-MDF    Doc 8    Filed 01/28/11    Entered 01/31/11 07:13:22    Desc
Main Document      Page 11 of 11